## SUPREME COURT.

### TRACY AND OTHERS agt. HUMPHREY.

Where a complaint contains allegations claiming separate and distinct bills or accounts and an aggregate amount as a balance due upon all; and the answer denies one bill, only, and the balance claimed, specifically in the language of the complaint. The plaintiff may have judgment (*under* § 246) for the amount of the accounts not denied by the answer. But the answer can not be stricken out on affidavits tending to show its falsity, where it is verified according to the Code (*Mier agt. Ferguson,* 4 *How. Pr. R.* 115).

*New York Special Term, July,* 1850. The action was for goods sold and delivered. The complaint was for three separate bills of goods sold at different times. The answer, duly verified, made a specific denial as to one of the bills in the words of the complaint, but was silent as to the other two bills.

E. SANDFORD, moved to strike out the answer as false on affidavits and letters of the defendant, showing repeated acknowledgments of the debt and repeated promises to pay it, and for judgment for such portions of the claim as were untouched by the answer.

EDMONDS, Justice.—In this case the plaintiffs declare for three separate bills of goods sold at different times and claim a balance due of less than the aggregate amount. The defendant answers, denying the purchase of one of the bills and denying that he is indebted in the balance claimed to be due.

A motion is made to strike out the answer as false on affidavits which go very far to show that it can not be true. But the answer is verified and according to our ruling in *Mier agt. Ferguson* (4 *How. P. R.* 115), at general term, an answer can not be stricken out as false, when verified according to the Code. The Code has given a defendant the privilege of pleading just as he has pleaded in this case, and though he may owe all the debt demanded of him but one cent, that one cent will, under such a mode of pleading, render his verification of his answer, a sufficient objection to striking it out; and for this reason, that he has availed himself

of the privilege which the Code has given him, of " denying specifically" one of the averments of the complaint. To avoid such a difficulty, some care must be taken in framing the com-. plaint, and in this case the plaintiffs' difficulty has arisen from the form of their complaint. It is a printed form, I observe, and so imperfectly drawn as to leave open for escape the very opportunity of which the defendant has availed himself.

But the motion is not confined to striking out the answer; it is also for judgment and for other relief, and under that I may afford the plaintiffs some relief.

Two of the averments in the complaint, setting forth the sale of two bills of goods, one for $10 and one for $136·31, are not answered at all, and under the Code are to be taken as true. Now in regard to those two sums there is this difficulty in the case; how is judgment to be finally rendered for them? The damages in respect to them can not be, as formerly assessed by the jury on the trial of issues in the cause, because the Code confines the action of the jury to the issues joined, and in respect to those sums, there is no issue and there can be no trial either before a court or jury, because a trial is defined to be the judicial examination of the issues between the parties ( *Code,* § 252). I can perceive only one mode of obtaining a judgment for those sums and that is under section 246, for the defendant failing to answer the complaint.

He has failed to answer the complaint in respect to those sums and I do not see why the plaintiffs are not entitled at once to enter judgment for them. It must be so, or else a defendant who answers as to one cent only of a demand for $10,000 may work out for the plaintiff the delay and expense of a litigation when all of such large sum may be conceded to be due except that one cent. This course may involve the necessity of two judgments on the record in analogy to the old practice where there was a demurrer to part and an issue to part, and the issue be tried before the demurrer is argued, or when in assumpsit, there is a demurrer to evidence and the jury discharged without assessing damages; whereupon judgment being finally given for the plain-

tiff a writ of inquiry is awarded, or where in general the jury on the trial of an issue have omitted to assess the damages, the omission may be supplied by a writ of inquiry.

Some such practice must be adopted or I do not see how a plaintiff in case the defendant admits part and denies part of the claim against him can ever get judgment for the admitted part. The plaintiffs may therefore have judgment for the $10 and the $136·31, with interest as claimed in the complaint with $10 costs of motion and costs of suit thus far.